IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY WALLACE,

    Petitioner,

v.                                                                         Civ. No. 13-825 KG/GBW

ERASMO BRAVO, *et al.*,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *Doc. 1*. I find that the petition is time-barred, and therefore recommend that the Court dismiss it.

**I.  BACKGROUND**

On December 5, 2007, following a jury trial in New Mexico's Ninth Judicial District Court, Petitioner Anthony Wallace was convicted of second-degree armed robbery, third-degree assault with intent to commit a violent felony, second-degree aggravated burglary, third-degree intimidation, and two counts of third-degree attempt to commit a felony. *Doc. 9*, Ex. A at 1-2. The court sentenced Petitioner to thirty-six years imprisonment. *Id.*, Ex. A at 1-2.

Petitioner filed a Notice of Appeal to the Court of Appeals of New Mexico on April 18, 2008. *Id.*, Ex. B. His appeal was denied on October 31, 2008. *Id.*, Ex. F.

Petitioner then filed a petition for writ of certiorari, which the Supreme Court of New Mexico summarily denied on December 9, 2009. *Id.*, Ex. I. Petitioner did not request a rehearing nor did he file a petition for certiorari to the United States Supreme Court.

On March 9, 2010, Petitioner sent a document to the Ninth Judicial District Court for the State of New Mexico. *Id.*, Ex. J. The document was the form petition for seeking relief under 28 U.S.C. § 2254 in federal court. *See* Form AO 241, "United States District Court Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody" (as amended May 1985). Petitioner had completed the form and sought "relief to which he may be entitled in this proceeding." *Doc. 9*, Ex. J at 8. Beyond the fact that a copy of this document was mailed to the state court, there is little to indicate that Petitioner was seeking relief in state court. In fact, the state district judge who reviewed the document believed that he "was receiving a courtesy copy of a Petition that Mr. Wallace was attempting to file in federal court." *Doc. 11*, Ex. 1. Therefore, the state court took no action on the document.

On December 4, 2012, having received no response from the March 9, 2010 document, Petitioner filed a petition in the Ninth Judicial District Court clearly seeking "a state writ of habeas corpus . . . ." *Id.*, Ex. K. This state petition raised the same issues as those raised in the March 9, 2010 document. *See id.*, Ex. J, K; *see also doc. 11*, Ex. 1.

2

The petition was summarily denied on May 23, 2013. *Id.*, Ex. M.[1] Petitioner's petition for writ of certiorari was likewise denied by the Supreme Court of New Mexico on July 24, 2013. *Id.*, Exs. N, O.

Petitioner filed the instant petition under 28 U.S.C. § 2254 in this Court on August 30, 2013. In the petition, he brings the following claims: (1) ineffective assistance of counsel for failure to conduct adequate pretrial investigation, failure to file pretrial motions, and failure to appeal; (2) violation of Petitioner's Fourteenth Amendment right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963), for the State's alleged failure to disclose information regarding a purported informant; (3) unlawful conspiracy between the defense counsel and the prosecution to keep certain facts from the jury; (4) violation of Petitioner's *Miranda* rights by allegedly ignoring his request for an attorney, (5) violation of Petitioner's confrontation clause rights, and (6) violation of Petitioner's Fourteenth Amendment right to due process for failure to conduct a pretrial psychiatric evaluation. *See generally doc. 1.*

Defendants contend that the instant petition is untimely under the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA).

---

[1] In an abundance of caution, on January 29, 2014, District Judge Pro Tem Teddy L. Hartley entered a "Nunc Pro Tunc Decision and Order of Summary Dismissal," denying the relief sought in the March 9, 2010 document, assuming it had been a state habeas petition, *nunc pro tunc* to May 23, 2013, the date that the December 4, 2012 petition was dismissed. *Doc. 11*, Ex. 2; *see also doc. 9*, Ex. M. This order noted that the "exact issues" raised in Petitioner's March 9, 2010 petition were addressed in the May 23, 2013 order. *Doc. 11*, Ex. 2 at 2.

3

**II.     LEGAL STANDARDS**

    **A.     28 U.S.C. § 2254**

Under 28 U.S.C. § 2254, a federal court may only grant a state prisoner's application for writ of habeas corpus where the state prisoner is held in "in violation of the Constitution or laws or treaties of the United States" and the prisoner has, with certain exceptions, exhausted state remedies.  28 U.S.C. § 2254 (a)-(c).  If a prisoner's claims have been adjudicated on their merits at the state court level, such application can only be granted if the state court acted contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States" or if the state court's ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id*. § 2254(d)(1)-(2).  When reviewing the application, the federal court must be "highly deferential" to the rulings of the state court.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

    **B.     Statute of Limitations**

AEPDA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As there is nothing in the record to suggest that options (B)-(D) apply in this case, Petitioner's limitation period began to run on the date his conviction became final under subparagraph (A).

In a criminal case, the judgment does not become "final" for purposes of § 2244(d)(1)(A) until "both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review." *Burton v. Stewart*, 549 U.S. 147, 156-157 (2007); *United States. v. Burch*, 202 F.3ed 1274, 1278 (10th Cir. 2011). This determination accounts for appeals to the state's highest court as well as the ninety-day period during which a petitioner can file a petition for writ of certiorari to the United States Supreme Court. "The time for filing a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . ." *United States v. Dass*, No. 95-054, 2006 WL 2045873, at *2 (N.D. Okla. July 20, 2006) (citing U.S. Sup. Ct. R. 13(3)). This ninety-day period "may [also] begin to run from the date of an order denying rehearing, but only if the petition for rehearing is timely filed in the lower court, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing." *Id.* Thus, if no motion for rehearing is

filed, "the [time] to file a petition for rehearing [is] subsumed during this ninety day period." *Mills v. McKune*, 186 F. App'x 828, 831 (10th Cir. 2006) (unpublished).

Under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled while a petitioner is seeking post-conviction relief in state court. This tolling period continues until a petition for rehearing is denied or the time for seeking rehearing has expired. *See Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004) (tolling the limitations period during the fifteen-day period during which petitioner could have filed a motion for rehearing with New Mexico Supreme Court). Petitioners are not, however, entitled to statutory tolling for the ninety-day period in which they can pursue a writ of certiorari to the United States Supreme Court in connection with post-conviction review of state judgments. *See Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007) ("State review ends when the *state courts* have finally resolved an application for state postconviction relief.") (emphasis added).

III.   **ANALYSIS**

Defendants contend that Petitioner's federal petition is time-barred under § 2244(d). I agree, and therefore recommend dismissal of the petition with prejudice.

On December 9, 2008, the Supreme Court of New Mexico denied Petitioner's petition for writ of certiorari on his direct appeal. *Doc. 9*, Ex. H. Because Petitioner did not file a motion for rehearing nor seek review from the United States Supreme Court,

his conviction became final—and the statute of limitations began to run—ninety days later, on March 9, 2009.[2]

Petitioner argues that there "is no dispute that [he] submitted a state habeas corpus in 2010. There is no dispute that the state court failed to respond to Petitioner's habeas corpus." *Doc. 12* at 2. According to Petitioner, therefore, his time for filing was tolled from March 9, 2010 until, at least, January 29, 2014—the date Judge Hartley's *nunc pro tunc* order was signed. Under this approach, the instant Petition would be timely.

I reject Petitioner's argument. First, it is not clear that Petitioner filed a state habeas petition on March 9, 2010, which, incidentally, also marked the end of the one-year limitation period for filing a federal habeas petition. The document was titled a "Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody." *Doc. 9*, Ex. J at 1. The Court named in the caption was the "United States District Court." *Id*. The mere act of mailing a copy of this document to the state court did not transform it into a state habeas petition. Under this approach, Petitioner would have obviously missed the applicable deadline for filing his federal habeas petition—March 9, 2010.

---

[2] Defendants, in their answer and motion to dismiss, contended that Petitioner's conviction became final on March 24, 2009. *Doc. 9* at 10. This calculation erroneously afforded Petitioner an additional fifteen days for the time within which Petitioner could seek rehearing from the New Mexico Supreme Court under Rule 12-404. Where no motion for rehearing is filed, however, this time should be "subsumed" within the ninety-day period for seeking certiorari from the United States Supreme Court. *See Mills*, 186 F. App'x at 831.

7

However, I recognize Petitioner's *pro se* status as he attempted to pursue his habeas claims. Consequently, I will also calculate the timeliness of the instant Petition construing the March 9, 2010 document as a state habeas petition. Under this alternative approach, the limitations period was tolled beginning on March 9, 2010. However, even giving Petitioner the benefit of the doubt on the March 9, 2010 document, the state court's failure to enter a formal order denying the relief sought in that document does not serve to toll the federal deadline indefinitely. Petitioner clearly filed a state habeas petition on December 4, 2012. That petition included, among others,[3] every claim raised in the March 9, 2010 document. Thus, the claims in the March 9, 2010 document were subsumed in the December 4, 2012 Petition. Consequently, they were denied at the trial court level on May 23, 2013, and at the New Mexico Supreme Court on July 24, 2013. So, under Petitioner's best case, his limitation period was tolled from March 9, 2010, through August 8, 2013—fifteen days after the Supreme Court of New Mexico denied Petitioner's petition for writ of certiorari on July 24, 2013 (*see doc. 9*, Ex. O).[4]

Unfortunately, Petitioner waited until August 30, 2013, to file his federal petition. By that date, his limitations period had run for 387 days: 365 days between March 9, 2009 and March 9, 2010, plus twenty-two days between August 8, 2013 and August 30,

---

[3] In fact, although it listed other claims that had been made on direct appeal, the March 9, 2010 document only raised one ground for relief—ineffective assistance of counsel. *See doc. 9*, Ex. J. The December 4, 2012 Petition raised ineffective assistance of counsel and several other claims. *See doc. 9*, Ex. K.
[4] These fifteen days account for the time to seek rehearing from the state supreme court. *See* NMRA, Rule 12-404.

2013.[5]  Because Petitioner failed to file the instant petition within the one-year statute of limitations, I recommend dismissing the petition as time-barred.

IV.  **CONCLUSION**

Having found Petitioner's claims untimely under 28 U.S.C. § 2244(d), I recommend that the Court dismiss the petition with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[5] Even assuming the conviction was not final until March 24, 2009, as Defendants proposed, Petitioner's August 30, 2013 petition would still have exceeded the limitations period by seven days.