## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANTHONY WALLACE,

     Petitioner,

v.                                       Civ. No. 13-825 KG/GBW

ERASMO BRAVO, *et al.*,

     Respondents.

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### PROPOSED FINDINGS & RECOMMENDED DISPOSITION

This matter comes before the Court on Petitioner's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD). *Docs. 13 & 18.*

**I.**     **BACKGROUND**

On December 5, 2007, Petitioner was tried and convicted of second-degree armed robbery, third-degree assault with intent to commit a violent felony, second-degree aggravated burglary, third-degree intimidation, and two counts of third-degree attempt to commit a felony. *Doc. 9*, Ex. A at 1-2. He was sentenced to thirty-six years imprisonment. *Id.*, Ex. A at 3.

Petitioner appealed his conviction and, on October 31, 2008, the Court of Appeals of the State of New Mexico denied the appeal. *Id.*, Ex. F. Petitioner then filed a writ of certiorari to the Supreme Court of New Mexico, which was denied on December 9, 2008. *Id.*, Ex. H. Petitioner did not request a rehearing, nor did he file a petition for certiorari to the United States Supreme Court.

On March 9, 2010, Petitioner sent a document to the Ninth Judicial District Court for the State of New Mexico. *Id.*, Ex. J. The document was a form petition for seeking relief under 28 U.S.C. § 2254 in federal court. As it did not appear to seek relief in state court, the state district court took no action on this document. *Doc. 11* at 2.

On December 4, 2012, Petitioner filed a petition in the Ninth Judicial District Court that raised the same issues as those raised in the March 9, 2010 document. *Doc. 9*, Ex. K. Unlike the March 9, 2010 document, however, this petition clearly sought "a *state* writ of habeas corpus." *Id.*, Ex. K at 1 (emphasis added). The petition was summarily denied on May 23, 2013. *Id.*, Ex. M. Petitioner filed a petition for writ of certiorari to the Supreme Court of New Mexico, which was likewise denied on July 24, 2013. *Id.*, Exs. N, O.

On January 29, 2014, in an abundance of caution, District Judge Pro Tem Teddy L. Hartley entered a Nunc Pro Tunc Decision and Order of Summary Dismissal, which denied the relief Petitioner sought in the March 9, 2010 document *nunc pro tunc* to May 23, 2013—the date Petitioner's December 4, 2012 petition was dismissed. *Doc. 11*, Ex. 2; *see also doc. 9*, Ex. M. The order noted that the "exact issues" raised in Petitioner's March 9, 2010 petition had been addressed in that May 23, 2013 order. *Doc. 11*, Ex. 2 at 2.

On August 30, 2013, Petitioner filed the instant petition under 28 U.S.C. § 2254. *Doc. 1*. In the petition, he raised the following claims: (1) ineffective assistance of counsel for failure to conduct adequate pretrial investigation, failure to file pretrial

motions, and failure to appeal; (2) violation of Petitioner's Fourteenth Amendment right

to due process under *Brady v. Maryland*, 373 U.S. 83 (1963), for the State's alleged failure

to disclose information regarding a purported informant; (3) unlawful conspiracy

between the defense counsel and the prosecution to keep certain facts from the jury; (4)

violation of Petitioner's *Miranda* rights by allegedly ignoring his request for an attorney,

(5) violation of Petitioner's confrontation clause rights, and (6) violation of Petitioner's

Fourteenth Amendment right to due process for failure to conduct a pretrial psychiatric

evaluation.  *See generally doc. 1.*

   The Magistrate Judge filed his Proposed Findings and Recommended

Disposition (PFRD) on September 11, 2014, finding Petitioner's claims untimely under

28 U.S.C. § 2244(d) and recommending dismissal on that basis.  *Doc. 13.*  Petitioner was

given until September 29, 2014, to file his objections.  On September 23, 2014, Petitioner

attempted to appeal to the Tenth Circuit.  *Doc. 14.*  The Tenth Circuit dismissed his

appeal because the PFRD did not constitute a final, appealable decision.  *Docs. 17, 19.*

Petitioner filed objections to the PFRD on August 8, 2014.  *Doc. 18.*  The Court will treat

the objections as timely.

## II. STANDARD OF REVIEW

   Once a party objects to the Magistrate Judge's proposed findings and

recommendations, the Court "shall make a de novo determination of those portions . . .

to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Objections must be made with

specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  Because "the filing of objections . . . enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," only objections that are "sufficiently specific to focus the district court's attention" on the central disputes will be considered.  *Id.* at 1059-1060.  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## III.   ANALYSIS

Petitioner argues that the Magistrate Judge erred in concluding that his petition was untimely under 28 U.S.C. § 2244(d).  The Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA) provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners.  28 U.S.C. § 2244(d)(1).  As is relevant to Petitioner's case, the limitations period begins to run on the date the judgment of conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  Under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled while a petitioner is seeking post-conviction review in state court.

Petitioner's conviction became final on March 9, 2009, ninety days after the Supreme Court of New Mexico denied his petition for writ of certiorari on his direct

appeal.  *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000).  In his PFRD, the

Magistrate Judge found that, under the approach most favorable to Petitioner, his

limitations period was tolled from March 9, 2010, when Petitioner submitted what he

intended to be a state habeas petition, through August 8, 2013, fifteen days after the

Supreme Court of New Mexico denied his petition for writ of certiorari.  *Doc. 13* at 8; *see*

*Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004) (tolling the limitations period for the

fifteen-day period during which petition could have filed for rehearing with New

Mexico Supreme Court).  Petitioner's limitations period had therefore run for 387 days:

365 days between March 9, 2009, and March 9, 2010, plus 22 days between August 8,

2013, and August 30, 2013.  Because Petitioner had not filed his federal petition within

one year, the Magistrate Judge concluded that the petition was time-barred.

### A.  <u>Petitioner is not entitled to equitable tolling</u>

Petitioner alleges that his limitations period should be equitably tolled because:

(1) he lacks any legal knowledge, and (2) his prison facility was on lockdown during

most of 2013.  *See generally doc. 18*.

"Equitable tolling of the limitations period is available 'when an inmate

diligently pursues his claims and demonstrates that the failure to timely file was caused

by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d

1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Examples of extraordinary circumstances include (1) when a prisoner is actually

innocent, (2) when an adversary's actions or other uncontrollable circumstance prevents the prisoner from timely filing, (3) when a prisoner actively pursues judicial remedies but his pleading is defective. *Id.* (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Further, a prisoner is required to diligently pursue his federal habeas claims. *Id.*

1.  *Petitioner's lack of legal knowledge and limited access to legal materials are not extraordinary circumstances entitling him to equitable tolling.*

Petitioner first protests that he "totally lacks any knowledge in law to file any legal documents in court," "did not even graduate from high school," and has had to rely on jailhouse lawyers to help him in pursuing post-conviction relief. *Doc. 18* at 1, 4. He further complains that there are no paralegals at his facility to assist him and that "[t]he only assistance provided is handing out the form or petitions . . . ." *Doc. 18* at 4.

These objections are insufficient to grant Petitioner equitable tolling. Courts have consistently held that "ignorance of the law is not an extraordinary circumstance warranting equitable tolling." *Cortez v. Saffle*, 7 F. App'x 836, 838 (10th Cir. 2001); *see also Marsh v. Soares*, 223 F.3d at 1220 (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)) ("Ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing."). In addition, Petitioner's complaints that he has received little legal assistance other than jailhouse lawyers are, likewise, meritless. "[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capacity that can be produced by a much more limited degree of legal assistance." *Pfeil*

6

*v. Everett*, 9 F. App'x 973, 987 (10th Cir. 2001) (quoting *Lewis v. Casey*, 518 U.S. 343, 360 (1996)).

For the foregoing reasons, Petitioner's objections on this point are overruled.

2. *Petitioner is not entitled to equitable tolling based on the fact that the prison was on lockdown during much of 2013.*

Petitioner next claims that, "in 2013, out of the 12 months, more than half the year on and off this facility was in a total lockdown . . ., which restricted any access to the law library and to meet with the jailhouse lawyer friend to assist him in preparing the state or federal habeas petitions." *Doc. 18* at 2-3. Petitioner avers that "[i]f it was not for these lockdowns than [sic] more than likely the petition would have been filed in a timely manner." *Doc. 18* at 3. To his objections, Petitioner attaches an Inmate Request Form requesting that the prison inform him of the precise dates during which the facility was on lockdown in 2013. *Doc. 18*, Ex. 1. Petitioner "requests this Court to hold [his objections] as timely filed until it can be proven how many days were restricted by lockdown to timely prepare the petition." *Doc. 18* at 5. He argues that "[i]f the record shows substantial amount of days than [sic] it should be a valid reason to meet cause for delay." *Id.*

"The Tenth Circuit has stated that a prison lockdown does not generally qualify as an extraordinary event entitling a prisoner to equitable tolling." *United States v. Rushing*, 2011 WL 2923724 (N.D. Okla. 2011). In fact, "the Supreme Court has recognized that lockdowns routinely cause delays in receiving legal materials, but also

ruled that so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significant, even where they result in actual injury." *Pfeil*, 9 F. App'x at 978 (internal quotations omitted).

In his objections, Petitioner claims that the lockdowns in 2013 "restricted any access to the law library and to meet with the jailhouse lawyer friend to assist in preparing the state or federal habeas petitions . . . . It was very difficult to make copies, etc." *Doc. 18* at 3. Petitioner has not demonstrated that these circumstances prevented him from filing, but only claims that his petition would "more than likely" have been timely if not for these impediments. These imprecise statements, without more, are not enough to constitute exceptional circumstances. *See Sandoval v. Jones*, 447 F. App'x 1, 4 (10th Cir. 2011) (petitioner's "vague reference to 'the prison [being] on . . . lockdown" was insufficient to warrant equitable tolling).

Even assuming, *arguendo*, that Petitioner were able to show extraordinary circumstances, he would still have to demonstrate that he diligently pursued his claims. Here, Petitioner waited an entire year before even attempting to file a state habeas petition. *See doc. 9*, Ex. J. Thus, in order for his federal petition to have been timely, he would have had to file it on August 8, 2013, the exact day Petitioner's tolling period ended, or, at the latest, the very next day. Because Petitioner had already permitted 365 days of his limitations period to expire before filing his state petition in 2010, the alleged lockdowns in 2013 are insufficient to support a request for equitable tolling. *See United*

*States v. Rushing*, 2011 WL 2923724 (N.D. Okla. 2011) (denying equitable tolling on the basis of prison being on lockdown where petitioner failed to show diligence during "six-month period of time in which there were no alleged lockdowns").

Because Petitioner has failed to demonstrate either extraordinary circumstances or due diligence, his objection to the PFRD on the ground that the prison was on lockdown in 2013 is overruled.

## IV.  CONCLUSION

The Court has reviewed *de novo* the portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner has made sufficient objections.  The Court finds each objection to be without merit, and agrees with the Magistrates Judge's analysis.  As such, the Court OVERRULES Petitioner's objections and ADOPTS the proposed findings and recommended disposition.

Wherefore, IT IS HEREBY ORDERED that the Petition for habeas corpus is DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE